IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21–cv–01706–DDD–MDB

SYLVIA MCRAE,

    Plaintiff,

v.

JPMORGAN CHASE & CO, a/k/a JPMORGAN CHASE BANK, N/A, a/k/a CHASE MANHATTAN MORTGAGE CORPORATION,

    Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Maritza Dominguez Braswell**

This matter is before the Court on four Motions: (1) "Defendant JPMorgan Chase Bank N.A.'s Motion to Dismiss Plaintiff's Complaint" (["Motion to Dismiss"], Doc. No. 13); (2) "Plaintiff's Motion for Summary Judgement [sic] Under F.R.C.P. 56" (["Motion for Summary Judgment"], Doc. No. 58); (3) "Defendant's Motion to Stay Briefing on Plaintiff's Motion for Summary Judgment or in the Alternative for an Extension of Time to Respond" (["Motion to Stay"], Doc. No. 66); and (4) "Plaintiff Sylvia McRae's Motion for Leave to Amend Complaint" (["Motion to Amend"], Doc. No. 67.) Plaintiff has responded in opposition to the Motion to Dismiss, and Defendant has replied. (["Response to Motion to Dismiss"], Doc. No. 16; ["Reply to Motion to Dismiss"], Doc. No. 19.) Defendant has responded in opposition to the Motion to Amend, and Plaintiff has replied. (["Response to Motion to Amend"], Doc. No. 70; ["Reply to Motion to Amend"], Doc. No. 71.) No further briefing has been filed as to the four pending

Motions, and the time to do so has lapsed. The Motions have been referred to the undersigned, pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1, for a recommendation regarding their disposition. (Doc. Nos. 60, 68-69, 72.) For the following reasons, it is **RECOMMENDED** that the Motion to Dismiss (Doc. No. 13) be **GRANTED**, that the Motion to Amend (Doc. No. 67) be **DENIED**, and that the remaining Motions (Doc. Nos. 58, 66) be **DENIED as MOOT**.

## SUMMARY FOR *PRO SE* PLAINTIFF

The Court is recommending that your case be dismissed for lack of subject matter jurisdiction. Specifically, the Court finds that your complaint is asking the federal court to review a state court's judgment, which is prohibited by the United States Constitution. The Court is also recommending that your motion to amend be denied, because your amended complaint continues to ask for federal court review of a state court judgment. This is only a summary of the Court's decision. The complete decision is set forth below, including information about your right to object to this Recommendation within a set period of time.

## STATEMENT OF THE CASE

The facts giving rise to this case date back to July 17, 2000, when *pro se* Plaintiff Sylvia McRae ["Plaintiff"] obtained a mortgage loan from Defendant JPMorgan Chase & Co. ["Defendant"], for the purchase of real property located at 4236 Gills Mill Court, Colorado Springs, Colorado 80910 ["the Property"]. (*See* Doc. No. 13-7.) In 2014, Defendant commenced foreclosure proceedings against the Property in Colorado state court, pursuant to Rule 120 of the Colorado Rules of Civil Procedure ["Rule 120 Action"]. (Doc. No. 13-1; *see* Doc. No. 1 at 4.) After a contested Rule 120 hearing, during which Plaintiff apparently admitted default, the state court entered an order on January 4, 2016, authorizing the sale of the Property by the Public

2

Trustee. (Doc. No. 13-1 at 2.) Two weeks later, on January 20, 2016, Plaintiff filed a "Complaint for Permanent Injunction" in the Rule 120 Action, alleging that Defendant violated various federal statutes in foreclosing on the Property, and requesting equitable relief and civil penalties. (*Id.*) On February 12, 2016, the state court denied Plaintiff's complaint, on the grounds that Plaintiff was attempting to raise "collateral issues" which could not be "bootstrap[ped]" to the Rule 120 Action. (*Id.* at 2-3.)

On March 18, 2016, Plaintiff commenced a wrongful foreclosure action against Defendant in Colorado state court ["the 2016 Action"]. (Doc. No. 13-7.) In that lawsuit, Plaintiff alleged, among other things, that Defendant "never had legal grounds and rights" to initiate foreclosure proceedings against the Property, and also that Defendant "obtained fraudulent documents" and "used deception" to foreclose on the Property. (*Id.* at 13.) On July 30, 2018, the El Paso County District Court granted summary judgment in Defendant's favor as to all of Plaintiff's claims, and on June 15, 2020, the Colorado Supreme Court denied Plaintiff's petition for writ of certiorari. (Doc. No. 13-6; Doc. No. 13-7.)

In the interim, on April 2, 2019, Defendant commenced an eviction proceeding against Plaintiff in Colorado state court ["the FED Action"]. (Doc. No. 13-4.) On June 21, 2019, the El Paso County Clerk of Court issued a writ of restitution in favor of Defendant. (Doc. No. 13-3.) Plaintiff once again petitioned the Colorado Supreme Court for certiorari review, and on February 12, 2020, the Colorado Supreme Court denied that petition as well. (Doc. No. 13-2.)

On June 21, 2021, Plaintiff commenced this federal lawsuit, invoking both diversity and federal question jurisdiction, and asserting two claims for relief: (1) "Misrepresentation of an opposing party – Fraud on the court;" and (2) "Defendant's violations of CFPB, FDCPA, and

3

HUD during its loan modification process with Plaintiff." (Doc. No. 1.) In the present action, Plaintiff alleges, among other things, that Defendant "knowingly and intentionally submitted fraudulent documents" in the aforementioned Colorado state court proceedings, and wrongfully foreclosed on the Property. (*Id.* at 7.) Plaintiff asks the Court to grant her "[r]elief under Fed. R. Civ. P. 60(b)(1), (b)(2), (b)(3), and (d)(3)," as well as "three million dollars for emotional distress in connection with Defendants [sic] willful and unconscionable conduct[] over a period of approximately five years, including losing her real property and most of her personal property." (*Id.*)

Defendant now moves to dismiss this case, in its entirety, pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine. (Doc. No. 13 at 6-8.) In the alternative, Defendants seek dismissal of each of Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6), or a more definite statement of the claims under Federal Rule of Civil Procedure 12(e). (*Id.* at 5-6, 8-11.)

## LEGAL STANDARD FOR *PRO SE* PLAINTIFF

Plaintiff is proceeding *pro se*. The Court, therefore, "review[s] h[er] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding the allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has

4

violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (stating that a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle her to an application of different rules. *Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

## ANALYSIS

### I.   THE MOTION TO DISMISS

Defendant moves for dismissal, pursuant to Rule 12(b)(1), for lack of subject matter jurisdiction, and pursuant to Rule 12(b)(6), for failure to state a claim for relief. Because the Court finds that subject matter jurisdiction is lacking under the *Rooker-Feldman* doctrine, as outlined below, the Court need not address Defendant's argument that Plaintiff's Complaint fails to state a claim for which relief can be granted.

**A. Rule 12(b)(1)**

Federal Rule of Civil Procedure Rule 12(b)(1) empowers a court to dismiss a complaint for a lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject matter jurisdiction is

on the party asserting it. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Id.* at 909. The dismissal is without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006).

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). When considering a Rule 12(b)(1) motion, however, a court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). If a party challenges the facts upon which subject matter jurisdiction depends, a court may not presume the truthfulness of the complaint's "factual allegations . . . [and it] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id*.

### B. The *Rooker-Feldman* Doctrine

"The *Rooker-Feldman* doctrine provides that only the Supreme Court has jurisdiction to hear appeals from final state court judgments." *Mayotte v. U.S. Bank Nat'l Ass'n*, 880 F.3d 1169, 1173 (10th Cir. 2018) (quoting *Bear v. Patton*, 451 F.3d 639, 641 (10th Cir. 2006)) (alteration omitted); *see also Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). The doctrine prevents lower federal courts from exercising jurisdiction "over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the [federal] district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Th doctrine applies to claims where "(1) the plaintiff lost in

6

state court, (2) the state court judgment caused the plaintiff's injuries, (3) the state court rendered judgment before the plaintiff filed the federal claim, and (4) the plaintiff is asking the district court to review and reject the state court judgment." *Bruce v. City & Cnty. of Denver*, --- F.4th ----, 2023 WL 140430, at *5 (10th Cir. 2023) (citing *Exxon Mobil*, 544 U.S. at 284). "Where these factors exist, [a federal district court] lack[s] subject matter jurisdiction." *Id.* (citing *Lance*, 546 U.S. at 465).

The *Rooker-Feldman* doctrine precludes claims "actually decided by a state court," as well as claims "inextricably intertwined with a prior state-court judgment." *Kline v. Biles*, 861 F.3d 1177, 1180 (10th Cir. 2017) (quoting *Tal v. Hogan*, 453 F.3d 1244, 1256 (10th Cir. 2006)). "A claim is inextricably intertwined if the state-court judgment *caused*, actually and proximately, the *injury* for which the federal-court plaintiff seeks *redress*." *Tal*, 453 F.3d at 1256 (internal quotation marks and citation omitted) (emphasis in original).

"The *Rooker-Feldman* doctrine 'has a narrow scope.'" *D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1232 (10th Cir. 2013) (quoting *Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006)). The doctrine "does not deprive a federal court of jurisdiction to hear a claim just because it could result in a judgment inconsistent with a state-court judgment." *Mayotte*, 880 F.3d at 1174. "There is no *jurisdictional* bar to litigating the same dispute on the same facts that led to the state judgment." *Id.* (emphasis in original); *see Lance*, 546 U.S. at 466 ("*Rooker-Feldman* is not simply preclusion by another name."). "What *is* prohibited under *Rooker-Feldman* is a federal action that tries to *modify or set aside* a state-court judgment because the state proceedings should not have led to that judgment." *Mayotte*, 880 F.3d at 1174 (citing *Exxon Mobil*, 544 U.S. at 291) (emphasis in original). "The essential point is that barred

7

claims are those 'complaining of injuries caused by state-court judgments." *Campbell v. City of Spencer*, 682 F.3d 1278, 1283 (10th Cir. 2012) (quoting *Exxon Mobil*, 544 U.S. at 284). "In other words, an element of the claim must be that the state court wrongfully entered its judgment." *Id.*

Because the *Rooker-Feldman* doctrine "implicates [the Court's] subject matter jurisdiction," the Court addresses it "before turning to the merits of the case." *PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1193 (10th Cir. 2010). "The *Rooker-Feldman* doctrine is properly applied on a claim-by-claim basis, even though it is jurisdictional in nature." *Isaacs v. DBI-ASG Coinvestor Fund, III, LLC (In re Isaacs)*, 895 F.3d 904, 912 (6th Cir. 2018); *see Flanders v. Lawrence (In re Flanders)*, 657 F. App'x 808, 814 (10th Cir. 2016) (stating that the court "independently consider[s] each claim against the backdrop of the *Rooker-Feldman* doctrine").

### 1. Plaintiff's First Claim for Relief

In her first claim for relief, entitled "Misrepresentation of an opposing party – Fraud on the court," Plaintiff alleges that Defendant "introduced fraudulent documents" in the state court proceedings; that it did so in order to "misdirect the court" and "to foreclose on Plaintiff's property;" that it "repeatedly diverted the judicial process" for "approx. five years;" that it used "skillful tactics" so as "to steer the court in its direction and avoid answering fraud claims;" and that it "did not respect the judicial process." (Doc. No. 1 at 4-5.) Plaintiff also complains that, even though she "submitted all together twenty-seven pieces of evidence showing that Defendant's claims are false," her "pleadings and evidence were disregarded throughout." (*Id.* at 2.)

The Court finds that Plaintiff's first claim is barred by the *Rooker-Feldman* doctrine, because it mounts a "direct attack on the state court's judgment." *Mayotte*, 880 F.3d at 1175. The

crux of the claim is that Defendant committed fraud in the state court proceedings. Implicit within Plaintiff's allegations is her belief that the state court judgments rendered against her are invalid. Indeed, Plaintiff asks the Court to review the "documents introduced by Defendant" in the state court proceedings, and to then to exercise its authority under Rule 60 to set aside the state court judgments, as well as award her compensatory damages. (Doc. No. 1 at 7.) *Rooker-Feldman* mandates the Court do no such thing. *See Mayotte*, 880 F.3d at 1174 ("What *is* prohibited under *Rooker-Feldman* is a federal action that tries to *modify or set aside* a state-court judgment because the state proceedings should not have led to that judgment."); *Myers v. Wells Fargo Bank, N.A.*, 685 F. App'x 679, 680-81 (10th Cir. 2017) (affirming dismissal on *Rooker-Feldman* grounds, where the complaint sought relief under Rule 60 for alleged fraud in the state court foreclosure proceedings); *see also MacIntyre v, JPMorgan Chase Bank, N.A.*, 827 F. App'x 812, 818 (10th Cir. 2020) (holding *Rooker-Feldman* precluded review of claim alleging defendant "fraudulently procured" state court foreclosure judgment); *Williams v. HSBC Bank USA, N.A.*, 681 F. App'x 693, 696 (10th Cir. 2017) (concluding that *Rooker-Feldman* barred plaintiffs' compensatory damages claim because "their compensation request rest[ed] on the premise that the foreclosure judgment [was] infirm"); *see also Farris v. Burton*, 686 F. App'x 590, 593 (10th Cir. 2017) ("We agree with the district court's conclusion that as long as the state-court judgment stands—collateral attacks based on a party corrupting the state judicial process are properly brought only in state court."). Accordingly, Plaintiff's first claim should be dismissed for lack of subject matter jurisdiction.

### 2. Plaintiff's Second Claim for Relief

The precise contours of Plaintiff's second claim for relief, entitled "Defendant's violations of CFPB, FDCPA, and HUD during its loan modification process with Plaintiff," are difficult to discern. (Doc. No. 1 at 5-7.) In her second claim, Plaintiff first alleges "CFPB violations" arising from events leading up to the foreclosure proceedings. (*Id.* at 5-6.) Plaintiff goes on to allege "FDCPA violations" committed by Defendant during that timeframe, including that Defendant "used deceptive forms, *i.e.,* spurious Assignment, Note Allonge and Note without proper endorsements in order to collect;" that it "had no present right to possession of the property claimed as collateral through an enforceable security interest;" and that it "did not have a valid license to collect." (*Id.* at 6.) Plaintiff also asserts "HUD violations," complaining that Defendant did not evaluate "all loss mitigation options" before initiating foreclosure proceedings; that it failed to conduct an appraisal of the Property at the time of foreclosure; and that it "conveyed the property back to HUD via Warranty Deed" without "indicating that the mortgage ha[d] been satisfied[]." (*Id.* at 7.)

Underpinning these allegations is Plaintiff's assertion that Defendant lacked standing to foreclose on the Property, and by extension, that the foreclosure was wrongful. However, Plaintiff raised these exact challenges to the propriety of foreclosure in the 2016 Action, and the El Paso County District Court rejected them. (Doc. No. 13-6; Doc. No. 13-7.) The 2016 Action has been fully litigated and Plaintiff is bound by that state court result. (Doc. No. 13-5.) Plaintiff invites this Court to review and reject the state court judgment in the 2016 Action, but *Rooker-Feldman* bars the Court from entertaining such claims. Accordingly, Plaintiff's second claim is also barred by the *Rooker-Feldman* doctrine. *See Williams*, 681 F. App'x at 696; *Dillard v. Bank*

*of N.Y.*, 476 F. App'x 690, 691-92 (10th Cir. 2012) (finding claims challenging bank's documentation to foreclose and alleging that bank used deceptive tactics in its pursuit of mortgaged property were barred by *Rooker-Feldman* doctrine, as they effectively sought review and rejection of foreclosure proceedings); *Jester v. Wells Fargo Bank N.A.*, 297 F. Supp. 3d 1233, 1242-43 (E.D. Okla. 2018) (finding FDCPA claims alleging defendants mishandled the plaintiff's mortgage loans were barred by *Rooker-Feldman*, because determination on the FDCPA issues would require the court to revisit the question of whether defendants' foreclosure was proper).

\* \* \*

The Court finds that this case implicates the concerns the *Rooker-Feldman* doctrine was designed to guard against. Plaintiff has alleged no injury apart from those caused by state court judgments, and the remedy she seeks would amount to reversal of some or all of those judgments. Therefore, the Court lacks jurisdiction over Plaintiff's claims. *Exxon Mobil*, 544 U.S. at 291. Dismissal without prejudice is warranted. *Brereton*, 434 F.3d at 1214 (stating that dismissal for lack of jurisdiction must be without prejudice). As such, there is no need to address Defendant's remaining arguments for dismissal.[1]

## II.     THE MOTION TO AMEND

The deadline for the amendment of pleadings in this case was October 25, 2021. (Doc. No. 31 at 6.) Nearly nine months after that deadline, on July 5, 2022, Plaintiff filed the present Motion to Amend. (Doc. No. 67.) Plaintiff argues that she should be allowed to amend her

---

[1] Although the Court does not engage in a fulsome analysis on Defendant's remaining arguments, it appears Plaintiff's claims are indeed time-barred, and therefore, subject to dismissal under Rule 12(b)(6), as well. (*See* Doc. No. 13 at 8-10.)

11

Complaint, under Federal Rule of Civil Procedure 15(a), "to describe in further detail the issues in this action," as well as to "address the question of why this Court has jurisdiction over her case." (*Id.* at 2-3.)

In the proposed Amended Complaint, Plaintiff makes clear that she is seeking "relief from the judgment and/or order previously entered against her," and clarifies that "[t]his is an action to invoke this Court's power to reverse another court's ruling under Fed. R. Civ. P. 60 . . . and to recover damages occurred [sic] during the six-year litigation process where Plaintiff was stripped of her due process rights." (Doc. No. 67-1 at ¶ 2.) Plaintiff goes on to state:

> This action stems from various actions filed by Defendant . . . in the District and County Court of El Paso County (Case No. 2014CV33286, 2014CV033288, and 19C35476), Colorado, and one action (Case No. 2016CV100) filed by Plaintiff against Defendant in the District Court of El Paso County, Colorado. However, all actions are dealing with the same matters, wrongful and/or fraudulent foreclosure on [Plaintiff]'s property[].

(*Id.* at ¶ 9.) In the proposed pleading, Plaintiff asks the Court to "set aside all prior judgments falsely made under color of law," as well as to award her $3 million as compensation for "loss of home (by fraud)." (*Id.* at ¶¶ 29-30.)

Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Rule's purpose "is to provide litigants the maximum opportunity for each claim to be decided on the merits rather than on procedural niceties." *Minter v. Prime Equip.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotations omitted). Therefore, "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357,

1365 (10th Cir. 1993)); *see Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits.").

Plaintiff filed her Motion to Amend on July 5, 2022, close to nine months beyond the Scheduling Order deadline for amended pleadings. (*See* Doc. No. 31 at 6.) "After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Federal Rule of Civil Procedure 16(b)(4) and (2) satisfaction of the Rule 15(a) standard." *Gorsuch, Ltd., B.C. v. WellsFargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014); *see Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (explaining that a plaintiff must first show "good cause" to amend under Rule 16(b), and then show that amendment would be allowed under Rule 15(a)).

Federal Rule of Civil Procedure 16(b) allows modification of a scheduling order "only with good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause" under Rule 16(b) "is much different than the more lenient standard contained in Rule 15(a)." *Perez v. Denver Fire Dep't*, 243 F. Supp. 3d 1186, 1199 (D. Colo. 2017) (quoting *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000)). Rule 16(b) "focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment," rather than "the bad faith of the movant, or the prejudice to the opposing party." *Id.* In effect, "good cause" means that a scheduling order deadline "cannot be met despite the diligence of the party seeking the extension." *Id.* Mere carelessness on the part of the movant "offers no reason for a grant of relief." *Id.* Further, although the Rule 16(b) standard may be met if a plaintiff

13

learns new information from discovery, "[i]f the plaintiff knew of the underlying conduct but simply failed to raise [her claims] . . . the claims are barred." *Gorsuch*, 771 F.3d at 1240.

In her Motion to Amend, Plaintiff does not address Rule 16(b) or offer any explanation as to why, despite her diligence, she could not comply with the Scheduling Order deadline for the amendment of pleadings. (*See generally* Doc. No. 67.) Rather, Plaintiff claims that the Court "did not make any pre-trial scheduling order regarding any deadline for amended pleadings, only for deadlines of Discovery and Pretrial Motions." (*Id.* at 2.) That contention is inaccurate. (*See* Doc. No. 31 at 6.)

On this record, then, Plaintiff has not provided an "adequate explanation for the delay," and therefore, cannot establish good cause for modifying the Scheduling Order. *Minter*, 451 F.3d at 1205 n.4. On that basis, alone, the Motion to Amend can be properly denied. *See Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1248-49 (10th Cir. 2015). Nevertheless, given Plaintiff's *pro se* status, the Court would be inclined to forgive the delay, if that were not the only problem with the Motion to Amend. However, Plaintiff's proposed amendment would be futile.

Leave to amend may be properly denied based on futility. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *United States ex rel. Barrick v. Parker-Migliorini Int'l, LLC*, 878 F.3d 1224, 1230 (10th Cir. 2017) (quoting *Barnes v. Harris*, 783 F.3d 1185, 1197 (10th Cir. 2015)). "The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim[.]" *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999). "In ascertaining whether [a] plaintiff's proposed amended complaint is likely to survive a motion to dismiss, the court must construe the complaint in the light most favorable to [the] plaintiff, and the allegations in the complaint must be accepted as

14

true." *Session v. Clements*, No. 14-cv-02406-PAB-KLM, 2016 WL 814715, at *2 (D. Colo. Mar. 1, 2016) (quoting *Myers v. City of Loveland, Colo.*, No. 12-cv-02317-REB-KLM, 2013 WL 3381276, at *6 (D. Colo. July 8, 2013)). Further, "[a]ny ambiguities must be resolved in favor of [the] plaintiff, giving h[er] the benefit of every reasonable inference drawn from the well-pleaded facts and allegations in h[er] complaint." *Id.*

Here, the proposed Amended Complaint does not cure the existing deficiencies of Plaintiff's claims. Specifically, the proposed pleading asks the Court to make exactly the same assessment as the operative complaint—that, as a result of Defendant's alleged misconduct, the state court judgments rendered against Plaintiff are not valid. (*See* Doc. No. 67-1 at ¶ 2 ("This is an action to invoke this Court's power to reverse another court's ruling under Fed. R. Civ. P. 60 (fraud and fraud upon the court), and to recover damages occurring during the six-year litigation process where Plaintiff was stripped of her due process rights.").) The Court cannot undertake such a review, nor can it provide the relief requested by Plaintiff, without running afoul of the *Rooker-Feldman* doctrine.

Because it would be futile to grant Plaintiff leave to amend her claims, the Court recommends that the Motion to Amend be denied. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (affirming dismissal of a *pro se* plaintiff's claim, where "it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend"); *see also Tso v. Murray*, 760 F. App'x 564, 569 (10th Cir. 2019) (affirming trial court's denial of plaintiff's motion to amend the complaint, after dismissing the complaint on *Rooker-Feldman* grounds); *Vigoda v. Rosendahl-Sweeney*, No. 21-cv-00182-STV, 2022 WL 425243, at

*9 (D. Colo. Feb. 11, 2022) (denying a motion to amend on futility grounds, where the proposed amended complaint did not cure *Rooker-Feldman* deficiencies).

## CONCLUSION

For the reasons set forth herein, this Court respectfully **RECOMMENDS** that:

(1) "Defendant JPMorgan Chase Bank N.A.'s Motion to Dismiss Plaintiff's Complaint" (Doc. No. 13) be **GRANTED**.

(2) "Plaintiff Sylvia McRae's Motion for Leave to Amend Complaint" (Doc. No. 67) be **DENIED**.

(3) "Plaintiff's Motion for Summary Judgement [sic] Under F.R.C.P. 56" (Doc. No. 58) be **DENIED as MOOT**.

(4) "Defendant's Motion to Stay Briefing on Plaintiff's Motion for Summary Judgment or in the Alternative for an Extension of Time to Respond" (Doc. No. 66) be **DENIED as MOOT**.

(5) This case be **DISMISSED without prejudice** for lack of subject matter jurisdiction.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo

review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

**DATED**: February 3, 2023.

BY THE COURT:

_____
Maritza Dominguez Braswell
United States Magistrate Judge